### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK DIVISION

| | |
|---|---|
| DANCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> KISSLER & CO., INC., <br><br> Defendant. | Civil Action No.: 2:23-cv-2192 <br><br> JURY TRIAL DEMANDED |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Danco, Inc. ("Danco"), by and through its undersigned attorneys, files this Complaint for Patent Infringement against Defendant Kissler & Co., Inc. ("Kissler"), and in support thereof alleges as follows:

### NATURE AND BASIS OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Danco seeks damages and recovery of its reasonable costs and attorneys' fees.

2. Plaintiff Danco is one of the largest plumbing repair, replacement, and remodel suppliers in the home improvement industry. Danco offers for sale its innovative plumbing solutions through various nationwide retailers, such as Home Depot, Lowe's, and Menards.

3. Danco's history of innovation in the plumbing industry and innovative plumbing solutions have resulted in the issuance of dozens of patents on its industry-leading, consumer-driven patented solutions, including, but not limited to, the universal tub and shower trim kit disclosed in U.S. Patent No. 9,051,720 ("the '720 Patent"). A true and correct copy of the '720 Patent is attached hereto as Exhibit A.

4. Danco offers for sale and sells a number of tub and shower universal trim kits that practice one or more claims of the '720 Patent, such as the "Danco Tub/Shower Trim Kit for Moen®" and "Danco Tub/Shower Trim Kit for Delta®," each in a variety of finishes.

5. Pursuant to 35 U.S.C. § 287(a), Danco has continuously and systematically marked its universal tub/shower trim kits that practice one or more claims of the '720 Patent with the marking "U.S. PAT. No. 9,051,720" from 2016 through the present time.

6. Kissler is a manufacturer, supplier, seller, and/or distributor of plumbing and repair products.

7. Kissler has made and continues to make, has used and continues to use, has offered for sale and continues to offer, and has sold and continues to sell various universal tub and shower trim kits for Moen® and Delta® tub/shower faucets under at least its own brand and the Everbilt™ ("Everbilt") product line, such as, for example, the "Everbilt Tub & Shower Trim Kit for Moen®" and "Everbilt Tub & Shower Trim Kit for Delta®," each in a variety of finishes ("the Accused Products"), as discussed in more detail below.

8. The Accused Products have been and continue to be offered for sale and sold in the United States through various retailers and/or distributors, including nationwide retailers such as Home Depot.

9. By making, using, offering for sale, selling, and/or importing the Accused Products, Kissler has infringed and continues to infringe one or more claims of the '720 Patent. As a consequence of Kissler's infringement, Danco seeks a preliminary injunction, a permanent injunction, and monetary damages with respect to sales of the Accused Products. Moreover, Danco respectfully submits that, upon information and belief, the present case is exceptional and

Danco is entitled to enhanced damages against Kissler and an award of its reasonable attorneys' fees and costs.

## THE PARTIES

10. Plaintiff Danco, Inc. is a Delaware corporation having its principal place of business at 2727 Chemsearch Boulevard, Irving, Texas 75062.

11. Upon information and belief, Defendant Kissler & Co., Inc., is a New Jersey corporation having a regular and established place of business at 770 Central Boulevard, Carlstadt, New Jersey 07072.  Upon further information and belief, Kissler may be served by serving its Registered Agent Barry Kissler at its registered address of 770 Central Boulevard, Carlstadt, New Jersey 07072.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

13. This Court has personal jurisdiction over Kissler by virtue of the fact that Kissler resides in this District and Division, has transacted business in this District and Division, has derived substantial revenue from goods offered for sale and/or sold in this District and Division, and/or has established sufficient minimum contacts with the State of New Jersey such that it is subject to the personal jurisdiction of this Court.  Personal jurisdiction in New Jersey over Kissler is also consistent with the requirements of due process.

14. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because Kissler resides in this District and Division, has a regular and established place of business in this

District and Division located at 770 Central Boulevard, Carlstadt, New Jersey 07072, has committed acts of infringement in this District and Division, and a substantial part of the events or omissions giving rise to the claims occurred in this District and Division.

## DANCO AND ITS PATENT RIGHTS

15. Danco has invested a substantial amount of time and resources designing, developing, and bringing new and innovative products in the plumbing industry.

16. Danco has designed and developed a wide range of new and innovative plumbing connector products, including a number of innovative tub/shower trim kits. Specifically, Danco research and development staff designed and developed a number of innovative tub/shower trim kits that allow for the replacement of existing tub/shower trim without replacing the valve. Danco designed compatibility features into its trim kits to fit a variety of Moen® and Delta® tub/shower faucets, respectively, with a single universal trim kit.

17. As a result of these efforts, Danco has been granted a U.S. patent on its innovative trim kits – the '720 Patent.

18. The '720 Patent, entitled "Universal Trim Kit," was filed on April 1, 2009, and was duly and legally issued by the United States Patent and Trademark Office ("PTO") on June 9, 2015. *See* Exhibit A.

19. Danco has commercialized one or more of the innovative designs disclosed in the '720 Patent in various of its tub/shower trim kits, such as the "Danco Tub/Shower Trim Kit for Moen®" and "Danco Tub/Shower Trim Kit for Delta®," each in a variety of finishes.

20. Pursuant to 35 U.S.C. § 287(a), Danco has continuously and systematically marked its universal tub/shower trim kits that practice one or more claims of the '720 Patent with the marking "U.S. PAT. No. 9,051,720" from 2016 through the present time.

21. Danco is the owner by assignment of all right, title, and interest in and to the '720 Patent, including the right to make, use, offer for sale, sell, or import patented products and to enforce the '720 Patent.

## KISSLER'S INFRINGING CONDUCT

22. Kissler has made and continues to make, has used and continues to use, has offered for sale and continues to offer for sale, and has sold and continues to sell various universal tub and shower trim kits for Moen® and Delta® tub/shower faucets under at least its own brand, such as, for example, the "Delta-Delex Shower/Tub Rebuild Kit" and "Moen Shower/Tub Rebuild Kit," each in a variety of finishes, that include at least Model Nos. 7RBK3966, 7RBK3966BN, 7RBK3969, and 7RBK3969BN, and the Everbilt™ ("Everbilt") product line, such as, for example, the "Everbilt Tub & Shower Trim Kit for Moen®" and "Everbilt Tub & Shower Trim Kit for Delta®," each in a variety of finishes, that include at least Model Nos. 1006965084, 1006965107, 100696511, 1006965096, 1006964961, and 1006965057, among other Kissler trim kits.

23. The Kissler Accused Products have been made available for retail sale by Kissler and/or through various nationwide retailers, such as, for example, Home Depot, Lowe's, Walmart and/or Ace Hardware, as well as through wholesalers/distributors such as Ferguson.

24. Upon information and belief, Kissler has known of and has had actual knowledge of the '720 Patent or that Danco's universal tub/shower kits for Moen® and Delta® tub/shower faucets were marked with or practiced the claims of the '720 Patent.

25. As discussed in more detail below, the Kissler Accused Products have infringed and continue to infringe, directly and indirectly, at least claim 2 of the '720 Patent by Kissler's making, using, importing, selling, and/or offering to sell the Accused Products within the United States and without authority in violation of 35 U.S.C. §§ 271(a)-(c).

26. Kissler has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 2 of the '720 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

27. Kissler has indirectly infringed and continues to indirectly infringe at least claim 2 of the '720 Patent within the United States by inducement under 35 U.S.C. § 271(b). For example, Kissler has knowingly and intentionally induced users of the Accused Products to directly infringe at least claim 2 of the '720 Patent, *inter alia*, by i) providing installation instructions on how to install and use the Accused Products in an infringing manner, and ii) directing and encouraging the actions of employees, distributors, and customers to directly infringe.

28. Kissler has indirectly infringed and continues to infringe at least claim 2 of the '720 Patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the Accused Products, which were especially made for and used in a manner that infringed at least claim 1 the '720 Patent, and that had no substantial non-infringing use.

29. By such acts, Kissler has injured Danco and is thus liable to Danco for infringement of the '720 Patent pursuant to 35 U.S.C. § 271.

## COUNT I – DIRECT INFRINGEMENT OF THE '720 PATENT BY KISSLER

30. Danco incorporates and re-alleges the allegations contained in Paragraphs 1 through 29 above as if fully set forth herein.

31. Kissler has directly infringed and continues to infringe, literally or under the doctrine of equivalents, at least claim 2 of the '720 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

32. An exemplary preliminary claim chart showing infringement of claim 2 of the '720 Patent by each of an exemplary "Everbilt Tub & Shower Trim Kit for Moen®" and "Everbilt Tub & Shower Trim Kit for Delta®" product, respectively, is attached hereto as Exhibits B and C.

33. For example, a summary of Kissler's infringement of claim 2 of the '720 Patent is provided as follows:

    a. <u>Limitation 1</u>:  The Accused Products include a universal trim kit comprising an escutcheon and a plurality of interchangeable inserts each comprising a valve opening;

    b. <u>Limitation 2</u>:  The interchangeable inserts in the Accused Products have at least one valve opening sized or shaped differently from at least one other valve opening;

    c. <u>Limitation 3</u>:  At least two of the interchangeable inserts in the Accused Products have two spaced-apart first fastener holes alignable with holes on the bathtub or shower valve so that the insert may be secured to the valve; and

    d. <u>Limitation 4</u>:  The two spaced-apart first fastener holes on at least one of the interchangeable inserts are disposed in locations different from the two spaced-apart first fastener holes on at least one other interchangeable insert, so that the first fastener holes on each interchangeable insert are alignable with the holes on the bathtub or shower valve that fits with the size and shape of the valve opening in such interchangeable insert.

Accordingly, Kissler's Accused Products directly infringe at least claim 2 of the '720 Patent in violation of 35 U.S.C. § 271(a).

34. As a result of Kissler's infringement of the '720 Patent, Danco has been damaged by Kissler's unlawful conduct. Danco is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Kissler's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

35. Kissler's infringement of the '720 Patent has injured and continues to injure Danco and will cause irreparable harm unless Kissler is enjoined from infringing the claims of the '720 Patent. Accordingly, Danco is entitled to temporary, preliminary, and/or permanent injunctive relief against Kissler from further infringement pursuant to 35 U.S.C. § 283.

36. Upon information and belief, Kissler's infringement of the '720 Patent has been deliberate, willful, which warrants an award of treble damages and attorneys' fees to Danco pursuant to 28 U.S.C. §§ 284 & 285.

## COUNT II – INDUCED INFRINGEMENT OF THE '720 PATENT

37. Danco incorporates and re-alleges the allegations contained in Paragraphs 1 through 36 above as if fully set forth herein.

38. Upon information and belief, since at least as early as 2016, Kissler has known of and has had actual knowledge of the '720 Patent.

39. Kissler directed, instructed, and encouraged its employees, distributors, and/or customers to make, install and/or use the Accused Products in an infringing manner in its product packaging and product advertising, by providing support and technical assistance, and by providing installation instructions or instructional materials, among other acts.

40. When the Accused Products were used by Kissler's employees, distributors, and customers in the manner instructed and directed by Kissler, Kissler's employees, distributors, and customers directly infringed at least claim 2 of the '720 patent, as set forth above.

41. Accordingly, Kissler indirectly infringed the '720 patent by inducing infringement of the '720 patent, pursuant to 35 U.S.C. § 271(b).

42. As a result of Kissler's infringement of the '720 Patent, Danco has been damaged by Kissler's unlawful conduct. Danco is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Kissler's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

43. Kissler's infringement of the '720 Patent has injured and continues to injure Danco and will cause irreparable harm unless Kissler is enjoined from infringing the claims of the '720 Patent. Accordingly, Danco is entitled to temporary, preliminary, and/or permanent injunctive relief against Kissler from further infringement pursuant to 35 U.S.C. § 283.

44. Upon information and belief, Kissler's past and continued infringement of the '720 Patent has been deliberate, willful, which warrants an award of treble damages and attorneys' fees to Danco pursuant to 28 U.S.C. §§ 284 & 285.

## COUNT III – CONTRIBUTORY INFRINGEMENT OF THE '720 PATENT

45. Danco incorporates and re-alleges the allegations contained in Paragraphs l through 44 above as if fully set forth herein.

46. Since at least as early as 2016, Kissler has known of and has had actual knowledge of the '720 Patent.

47. Kissler has provided its distributors and customers with the Accused Products, which are essential to practice the invention of the '720 Patent.

48. Kissler was aware that the Accused Products were especially made for or adapted for use in a manner that infringed at least claim 2 of the '720 Patent.

49. Kissler was aware that the Accused Products were not a staple article or commodity of commerce suitable for substantial non-infringing use, and had no substantial non-infringing use, in that the Accused Products could only be used in a manner that infringed the '720 Patent.

50. When the Accused Products are used by Kissler's distributors and customers, the Accused Products directly infringe at least claim 2 of the '720 Patent, as set forth above.

51. Accordingly, Kissler has indirectly infringed the '720 patent by contributing to infringement of the '720 patent, pursuant to 35 U.S.C. § 271(c).

52. As a result of Kissler's infringement of the '720 Patent, Danco has been damaged by Kissler's unlawful conduct. Danco is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Kissler's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

53. Kissler's infringement of the '720 Patent has injured and continues to injure Danco and will cause irreparable harm unless Kissler is enjoined from infringing the claims of the '720 Patent.  Accordingly, Danco is entitled to temporary, preliminary, and/or permanent injunctive relief against Kissler from further infringement pursuant to 35 U.S.C. § 283.

54. Upon information and belief, Kissler's past and continued infringement of the '720 Patent has been deliberate, willful, which warrants an award of treble damages and attorneys' fees to Danco pursuant to 28 U.S.C. §§ 284 & 285.

PRAYER FOR RELIEF

WHEREFORE, Danco prays that this Court enter judgment in favor of Danco and against Kissler as follows:

A. Entry of judgment that Kissler has directly and indirectly infringed the '720 Patent pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

B. An order that Kissler provide an accounting and pay to Danco damages in an amount adequate to compensate Danco for Kissler's infringement of the '720 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for willful infringement pursuant to 35 U.S.C. § 284;

C. An order preliminarily and permanently enjoining Kissler and its respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with it, and all other parties properly enjoined by law, from infringing directly or indirectly, inducing others to directly infringe, and/or contributing to the infringement of the claims of the '720 Patent;

D. An order that this is an exceptional case under 35 U.S.C. § 285 meriting that Danco be awarded its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action; and,

E. Any other relief that the Court finds legal, just and equitable, as may be available under law or equity, and which the Court finds proper.

## DEMAND FOR TRIAL BY JURY

Danco demands trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its undersigned counsel, hereby certifies that the matter in controversy is not the subject of any other action pending in any other action pending in any court, or of any pending arbitration or administrative proceeding. I certify under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

This 19th day of April, 2023.

Respectfully submitted,

/s/ John H .Choi
John H. Choi (local counsel)
**JOHN H. CHOI & ASSOCIATES LLC**
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
Telephone: (201) 580-6600
Fax: (201) 625-1108
Email: jchoi@jchoilaw.com

Of counsel:

Eric G. Maurer (GA Bar # 478199)
(*pro hac vice forthcoming*)
Cynthia J. Lee (GA Bar # 442999)
(*pro hac vice forthcoming*)
**THOMAS | HORSTEMEYER, LLP**
3200 Windy Hill Road, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770-933-9500
Fax: 770-951-0933
Email: e.maurer@thip.law
Email: c.lee@thip.law

*Counsel For Plaintiff Danco, Inc.*